# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re: ) | **JUDGE RICHARD L. SPEER** |
| ) | |
| Robert L. and Shirley L. Allen ) | Case No. 08-3339 |
| ) | |
| Debtor(s) ) | (Related Case: 08-33459) |
| ) | |
| Louis Yoppolo, Trustee ) | |
| ) | |
| Plaintiff(s) ) | |
| ) | |
| v. ) | |
| ) | |
| Robert W. Allen, Trustee of the Robert ) | |
| L. Allen Living Trust, et al. ) | |
| ) | |
| Defendant(s) ) | |

## DECISION AND ORDER

    This cause comes before the Court on the Motion of the Plaintiff/Trustee for Partial Summary Judgment as to the issue of the Conveyance of a Life Estate. (Doc. No. 18). It is the position of the Plaintiff/Trustee that a conveyance made by the Debtor, Robert Allen, did not create a life estate. The Defendants filed a response to the Motion, opposing the relief sought by the Plaintiff/Trustee. (Doc. No. 19). Thereafter, the Defendants also filed their own Motion for Partial Summary Judgment on the identical matters raised in the Trustee's Partial Motion for Summary Judgment. (Doc. No. 21). The Court has now had the opportunity to review the evidence and arguments submitted by the Parties, as well as the entire record in this case. Based upon this review, the Court finds, for the reasons set forth in this Decision, that the Motion of the Plaintiff/Trustee for Partial Summary

Judgment should be Granted, and that the Defendants' Partial Motion for Summary Judgment should be Denied.

## FACTS

On July 2, 2008, the Debtors, Robert L. and Shirley L. Allen, filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. Prior to filing for bankruptcy relief, the Debtors held sole title to real property located in Delta, Ohio. On November 29, 2006, the Debtors conveyed this real property, by way of a quit-claim deed, to a preexisting trust. This trust, entitled the "Robert L. Allen Living Trust," was created on June 27, 1994, with the Debtor, Robert Allen, being both the sole settlor and lifetime beneficiary of the trust, retaining the absolute power to amend and revoke the trust. A nondebtor, third party was named as trustee.

For the conveyance of their Delta, Ohio property, only the 'Robert L. Allen Living Trust' was named as a grantee in the quit-claim deed executed by the Debtors. Notwithstanding, the deed executed by Debtors also purported to create a life estate in favor of their son, Edward Evans Allen. As set forth in the reservation clause of the deed, it was provided:

> *Subject to*: easements and restrictions of record, and an *estate for life to Edward Evan Allen* the life tenant to pay all taxes and assessments due and payable during the life of the tenant of said parcel of real estate. Life tenant shall make all necessary repairs but shall not be liable for ordinary wear and tear.

(Doc. No. 1, Ex. A) (emphasis added).

After the commencement of their bankruptcy case, the Plaintiff in this action, Louis Yoppolo, was appointed acting trustee of the Debtors' bankruptcy estate. As the representative of the Debtors' bankruptcy estate, the Trustee brought this action against the 'Robert L. Allen Living Trust' and

Page 2

Louis Yoppolo, Trustee v. Robert W. Allen, Trustee of the Robert L. Allen Living Trust, et al.
Case No. 08-3339

Edward Evans Allen. In his complaint, the Trustee sought what can be grouped into three forms of relief: (1) a declaration that the quit-claim deed executed by the Debtors on November 29, 2006, did not create a life estate in favor of the Defendant, Edward Evans Allen; (2) an order that he can sell the property transferred by the Debtors' quit-claim deed free and clear of any interests of the grantee, the 'Robert Allen Living Trust'; and (3) a ruling that the Debtors' transfer of their property to the Robert Allen Living Trust was fraudulent for purposes of 11 U.S.C. § 548.

## DISCUSSION

Before this Court are the Parties' Cross Motions for Partial Summary Judgment. The standard, when addressing such motions, is set forth in Federal Rule of Civil Procedure 56(c), which is made applicable to this proceeding by Bankruptcy Rule 7056. It provides for in part: A party will prevail on a motion for summary judgment when "[t]he pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). With respect to this standard, the movant must demonstrate all the elements of his cause of action. *R.E. Cruise Inc. v. Bruggeman*, 508 F.2d 415, 416 (6th Cir. 1975). In making this determination, the Court is directed to view all the facts in a light most favorable to the party opposing the motion. *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 586-588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). In addition, in cases such as this where the Parties have filed Cross Motions for Summary Judgment, the Court must consider each motion separately, since each party, as a movant for summary judgment, bears the burden of establishing both the nonexistence of genuine issues of material fact, and that party's entitlement to judgment as a matter of law. *French v. Bank One, Lima N.A. (In re Rehab Project, Inc.)*, 238 B.R. 363, 369 (Bankr. N.D.Ohio 1999).

Page 3

**Louis Yoppolo, Trustee v. Robert W. Allen, Trustee of the Robert L. Allen Living Trust, et al.**
**Case No. 08-3339**

In his Motion for Summary Judgment, the Trustee seeks a ruling on the first two matters brought in his complaint: (1) that the Defendant, Edward Evans Allen, does not hold a life estate in the property transferred by the Debtors on November 29, 2006; and (2) concerning this property transfer, whether he is entitled to an order allowing him to sell the property free and clear of any interests of the grantee, the 'Robert Allen Living Trust.' As a resolution of both these matters directly concerns the scope and sale of estate property, as well as the administration of the estate, these matters are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(A)/(E)/(M). Accordingly, this Court has the jurisdictional authority to enter final orders and judgments in this matter. 28 U.S.C. § 157(b)(1).

A bankruptcy trustee is only authorized to sell property held in a debtor's bankruptcy estate. 11 U.S.C. § 363(b)(1). By operation of law, the bankruptcy estate comes into existence at the commencement of the case, and operates generally to divest a debtor of their interest in all property encompassed within the estate. *Spenlinhauer v. O'Donnell (In re Spenlinhauer)*, 261 F.3d 113, 118 (1st Cir. 2001). Estate property is defined broadly by the Bankruptcy Code to include all "legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Yet, while this scope of estate property is broad, it will not reach to include property interests held by nondebtors. *See, e.g, In re Engman*, 395 B.R. 610, 617 (Bankr. W.D.Mich. 2008) ("'property of the estate' is limited to only whatever the debtor himself had owned in that property.").

In this matter, a nondebtor, the 'Robert Allen Living Trust,' is the named grantee, and thus the presumptive title holder of the property transferred by the Debtors on November 29, 2006. The life estate, purported to be created in favor of Edward Evans Allen, arises out of this conveyance, and thus takes subject to this transaction. Thus, on the two matters raised by the Trustee, the appropriate starting point for this discussion is the second issue: whether the Trustee can sell the property transferred by the Debtors free and clear of the interests of the 'Robert Allen Living Trust'?

Page 4

Louis Yoppolo, Trustee v. Robert W. Allen, Trustee of the Robert L. Allen Living Trust, et al.
Case No. 08-3339

If he cannot sell the property free and clear of this interest, the issue of whether the Defendant, Edward Evans Allen, holds a valid life estate in the property becomes moot insofar as it concerns the estate's interest in the property.

**May the Trustee Sell the Property Transferred to the Robert Allen Living Trust**

The 'Robert Allen Living Trust' was created in accordance with Ohio law, and is thus subject to Ohio law. *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). Under Ohio law, property held in a trust is composed of two interests in property: one legal, the other equitable. Both interests exist in the property at the same time. The Ohio Supreme Court has explained, "It has been said many times that the radical idea of a trust is the coexistence of the legal title and the equitable interest, and that perfect ownership is decomposed into its constituent elements of legal title and beneficial interest, which are vested in different persons at the same time." *First Natl. Bank of Cincinnati v. Tenney*, 165 Ohio St. 513, 517, 138 N.E.2d 15, 19 (1956).

All trusts have a *res* – the property held by the trust. 91 OHIO JUR. 3d Trusts § 88. In addition, three necessary entities are involved in a trust: (1) the settlor, also known as a trustor or donor; (2) the trustee; and (3) the beneficiary. The settlor is the one who creates the trust. Legal title in the trust is held by the trustee. The beneficiary, the one in whose favor the trust is created, holds equitable title to the trust *res*. 91 OHIO JUR. 3d Trusts § 3. No trust will exist where both the legal title and the beneficial interest are in the same person. *In re: Estate of Bicknell*, 108 Ohio App. 51, 54-55, 160 N.E.2d 550, 553 (1958).

In this matter, the Debtor, Robert Allen, was both the settlor and the sole lifetime beneficiary of the 'Robert Allen Living Trust.' The *res* of this trust consisted of the real property located in Delta, Ohio as transferred by the Debtors in November of 2006. Therefore, insofar as it concerns this property, the Debtor, Robert Allen, as the sole trust beneficiary, held equitable title to the property.

Page 5

Louis Yoppolo, Trustee v. Robert W. Allen, Trustee of the Robert L. Allen Living Trust, et al.
Case No. 08-3339

This equitable interest was in existence at the time the Debtors filed their petition for bankruptcy relief. Hence, when Mr. Allen sought relief in this Court, he voluntarily divested himself of his equitable interest in the Delta, Ohio property, effectuating a transfer of that property interest to the bankruptcy estate. As set forth earlier, the scope of estate property under § 541(a) of the Bankruptcy Code reaches to include "all legal or *equitable interests* of the debtor in property as of the commencement of the case." (emphasis added).

Property of the estate is subject to administration by the trustee for the benefit of the debtor's creditors. *Yoppolo v. Schwenker (In re Ziegler)*, 396 B.R. 1, 3 (Bankr. N.D.Ohio 2008). Yet, because only a debtor's interest in property, not the actual property, is included in the estate, a trustee's right to administer estate property is likewise limited to the rights held by the debtor in the property just prior to the commencement of the bankruptcy case. *Official Committee of Unsecured Creditors of PSA, Inc. v. Edwards*, 437 F.3d 1145, 1149 (11th Cir. 2006). Viewed from the opposite end, the filing of a bankruptcy petition confers upon a bankruptcy trustee no greater interest in property than that held by the debtor.

In this case, therefore, only the Debtor's equitable interest in the Delta, Ohio property, not the legal interest in the property, passed to the Trustee at the commencement of the Debtors' bankruptcy case. Legal title to the property, at the commencement of the Debtors' case, remained vested in the trustee of the 'Robert Allen Living Trust,' a nondebtor, thereby placing that interest outside the Debtors' bankruptcy estate. *In re Kester*, 339 B.R. 749, 752 (10th Cir. B.A.P. 2006). To dispose of property, however, a party must hold legal title to it.

In order to overcome this deficiency, the Trustee relies on the rights of the Debtor, Mr. Allen, under the trust instrument. This instrument, creating the 'Robert L. Allen Living Trust,' affords the

Page 6

**Louis Yoppolo, Trustee v. Robert W. Allen, Trustee of the Robert L. Allen Living Trust, et al.**
**Case No. 08-3339**

Debtor, Mr. Allen, as settlor, the absolute power to amend or revoke the trust.[1] According to the Trustee, this right gives him, standing in the shoes of the Debtor, the right to demand from the trust's trustee the surrender of all assets, including the Delta, Ohio property. (Doc. No. 18, at pg. 7). The Defendants demurred, taking the position that the Trustee has no basis to sell the property. (Doc. No. 5, ¶ 7).

Although a bankruptcy trustee, as just explained, will take a debtor's interest in property subject to the limitations that existed at the commencement of the case, the trustee, as a representative of estate property, may also generally exercise those legal and contractual rights held by a debtor at the commencement of the case. *See generally*, *Furness v. Wright Med. Tech., Inc. (In re Mercurio)*, 402 F.3d 62, 66 (1st Cir. 2005) ("The Trustee stands in the debtor's shoes . . . ."). "Thus, what comes to the bankruptcy estate is not only the property in which debtor has an interest, but also, the powers the debtor can exercise for its own benefit over property regardless of the title debtor may be acting under." *Askanase v. LivingWell, Inc.*, 45 F.3d 103, 106 (5th Cir. 1995), *citing In re Gifford*, 93 B.R. 636, 640 (Bankr. N.D.Ind.1988).

To be sure, this precept is not absolute, and may give way to matters of public policy. In particular, legal rights largely personal in nature may not be exercisable by the bankruptcy trustee

---

[1] Article II of the "Robert L. Allen Living Trust" instrument, entitled "Revocation of Trust" provides:

I [the settlor] reserve the right, without consent of the Trustee, to amend or revoke this trust agreement by written instrument delivered to the Trustee. The Trustee will execute any instrument and do any other reasonable actions to enable me to exercise or facilitate the exercise of any rights reserved to me. In particular, without limitation of the foregoing, the Trustee, after receiving an instrument in writing revoking this trust agreement, shall dispose of any assets then held by the Trustee or thereafter received by the Trustee, as directed in said instrument of revocation.

Page 7

**Louis Yoppolo, Trustee v. Robert W. Allen, Trustee of the Robert L. Allen Living Trust, et al.**
**Case No. 08-3339**

especially when the right lacks an appreciable pecuniary component such as the right to assign or transfer the interest. *See In re Brand*, 251 B.R. 912, 915-16 (Bankr. S.D.Fla.2000) (unexercised personal rights, unlike property rights, are not property of the estate).

For example, this Court has recognized that an individual debtor's attorney-client privilege is not a legal right automatically exercisable by the trustee upon the creation of the estate. *French v. Miller (In re Miller)*, 247 B.R. 704 (Bankr. N.D.Ohio 2000). Similarly, a debtor's rights with respect to professional licenses, which are not alienable, have been held to be excluded from estate property. *Ryan v. Lynn (In re Lynn)*, 18 B.R. 501, 502-03 (Bankr. D.Conn.1982) (medical license); *Matter of Green*, 29 B.R. 682, 685 (Bankr. S.D.Ohio 1983) (real estate license).

On the other hand, a debtor's contractual rights under a partnership agreement, including the right to seek judicial dissolution of the partnership, are recognized as pecuniary interests passing to the trustee pursuant to § 541(a)(1). *Samson v. Prokopf (In re Smith)*, 185 B.R. 285, 291-92 (Bankr. S.D.Ill.1995). The same has been held to apply to trusts so that "any interest which a debtor retains in a trust is property of the estate, including the power to amend the trust and the power to revoke a revocable trust and recover the remaining funds in the trust for the benefit of the creditors." *Askanase*, 45 F.3d at 106; *In re Ross*, 162 B.R. 863, 864 (Bankr. D.Idaho 1993). The Court agrees with this approach.

As opposed to a right personal in nature, a person's beneficial interest in a trust is largely pecuniary in character. For example, absent a provision in the trust instrument to the contrary, such as that contained in a spendthrift trust, a person's beneficial interest in a trust is fully alienable. *Martin v. Martin*, 54 Ohio St.2d 101, 112, 374 N.E.2d 1384, 1391 (1978). Furthermore, it is recognized that where a settlor retains full control over a trust, including the power to revoke it completely, creditors naturally have the right to reach the funds in the trust. *Prestige Vacations, Inc. v. Kozak*, 471 F. Supp. 410 (N.D. Ohio 1979).

Page 8

Accordingly, in this matter, when the Debtors voluntarily sought the protections of this Court, the Trustee succeeded to all the rights, interests and powers the Debtor, Mr. Allen, held in the 'Robert L. Allen Living Trust.' Because these powers included the absolute right to revoke the trust, the Trustee now holds that right and may, in his discretion, exercise that right under the terms and conditions set forth in the trust instrument. For this reason, the Court grants the Motion of the Trustee for summary judgment on his complaint to sell the Delta, Ohio property free and clear of any interests of the grantee, the 'Robert Allen Living Trust.'

**Does the Defendant, Edward Evans Allen, hold a Life Estate in the Property transferred by the Debtors**

As previously set forth, a bankruptcy trustee generally takes subject to the interests held by a debtor in property at the commencement of the case. This limitation on a trustee's power extends to life estates. *In re Sargent*, 337 B.R. 661, 667 (Bankr. N.D.Ohio 2006). A bankruptcy trustee, therefore, may not administer the property interests held by a nondebtor life tenant such as that claimed by the Defendant, Edward Evans Allen. *Id*. The Defendants' Partial Motion for Summary Judgment is premised on this principle.

Life estates may be created by deed. In this matter, it is the position of the Defendants that the deed executed by the Debtors, transferring their Delta, Ohio property to the 'Robert L. Allen Living Trust,' also created a life estate in favor of Edward Evans Allen. For this position, the Defendants rely on the language following the "subject to" clause of the deed executed by the Debtors. This clause provides, "Subject to: easements and restrictions of record, and an estate for life to Edward Evan Allen . . . ."

Operatively, life estates created by a deed typically arise in one of two ways. First, by the express grant of a life estate, whereby in the granting clause of a deed it is provided: To A for life,

Page 9

**Louis Yoppolo, Trustee v. Robert W. Allen, Trustee of the Robert L. Allen Living Trust, et al.**
**Case No. 08-3339**

remainder to B. Another common method is through a deed which reserves a life estate to the grantor or grantors, with the remainder in one or more other persons. 41 OHIO JUR. 3d Estates, Etc. § 46.

Neither of these methods, however, were used by the Debtors. Instead, the Debtors sought to create a life estate in favor of their son, Edward Allen, by reserving unto him a life estate. Represented alphabetically, the Debtors' deed provided: from A to B, reservation of a life estate to C. Under this circumstance, "C," representing Edward Allen, is a stranger to the deed.

Based upon this unorthodox method, the Trustee takes the position that the Debtors' attempt to create a life estate in their Delta, Ohio property must fail. The Trustee's reason: the life estate named in the Debtors' deed, following "the terminology 'subject to' presupposes a prior valid conveyance of an interest in this property to Edward Evans Allen, and there is nothing in the record to support this claim." (Doc. No. 18, at pg. 4). This position finds strong support.

The "subject to" clause of the deed executed by the Debtors can be reasonably construed as creating a reservation. A reservation is "a limitation of some right in the land conveyed that is reserved to the grantor."35 OHIO JUR. 3d Deeds § 93. It is made by the grantor in favor of himself, and operates as a limitation to the general rule that a deed conveys to the grantee whole title to the property. *See Am. Energy Corp. v. Datkuliak*, 174 Ohio App.3d 398, 416, 882 N.E.2d 463, 477 (Ohio App. 2007).

Because it is made and operates solely in favor of the grantor, a reservation does not actually function to convey an interest in property. It has thus been long recognized that a reservation made in favor of a third party, such as Edward Allen who is a stranger to the deed, will not operate to vest the third party with any interest in property. 35 OHIO JUR. 3d Deeds § 93. This approach, however, has been criticized as ignoring the intent of the grantor. As summed up in a treatise cited by the Defendants:

Page 10

Louis Yoppolo, Trustee v. Robert W. Allen, Trustee of the Robert L. Allen Living Trust, et al.
Case No. 08-3339

> Recent decisions show a marked tendency toward the rejection of the traditional doctrine. In these cases, the fact that the conveyance grants or reserves an interest in a third person does not automatically invalidate that interest. If the grantor's intent is clear, the interest is properly conveyed to the third person.

(14-81A Powell on Real Property § 81A.05, attached as Ex. A, Doc. No. 19). The Defendants invite the Court to adopt this approach, whereby formalities in a deed's rendition are subordinated to the intent of the grantor.

The matter posed by the Defendants, of whether a deed's reservation clause may be used to accomplish a transfer of an interest in property to a stranger to the deed, is a question of state law. In resolving questions of state law, this Court is bound to follow any applicable decision rendered by the highest court in the state, the Ohio Supreme Court. *C & H Entertainment, Inc. v. Jefferson County Fiscal Court*, 169 F.3d 1023, 1025 (6th Cir. 1999) (holding that when applying state law, a federal court is bound to follow the highest court in the state). In this matter, the Court is unaware, and the Parties have not pointed the Court to any Ohio Supreme Court decision directly on point.

Under this circumstance, the Court must make the "best prediction, even in the absence of direct state precedent, of what the state Supreme Court would do if it were confronted with the question." *In re Alam*, 359 B.R. 142, 146- 47 (6th Cir. B.A.P. 2006). In undertaking this endeavor, the Court "may rely upon analogous cases and relevant dicta in the decisional law of the State's highest court, opinions of the State's intermediate appellate courts to the extent that they are persuasive indicia of State Supreme Court direction, and persuasive opinions from other jurisdictions." *Id.*

The Defendants cite to the case of *Zurn Industries, Inc. v. Lawyers Title Ins. Corp.*, 33 Ohio App.3d 59 (Ohio App. 1986), as authority for their position that the Debtors' reservation of a life

Page 11

**Louis Yoppolo, Trustee v. Robert W. Allen, Trustee of the Robert L. Allen Living Trust, et al.**
**Case No. 08-3339**

estate in favor of Edward Allen effectuated a valid conveyance of their property. In *Zurn*, the court found that by "a single instrument of conveyance, there may be created an estate in land in one person and an easement in another." *Id*, at ¶ 1 of syllabus. In so holding, the court in *Zurn*, quoting an earlier decision, found that this "result is not prevented by the fact that the conveyance of the easement is, in terms, a reservation to the person to whom it is conveyed. Thus, an easement may be created in 'C' by a deed by 'A' which purports to convey 'Blackacre' to 'B' in fee, reserving an easement to 'C.'" *Id*. at 449-50, *citing Hollosy v. Gershkowitz*, 88 Ohio App. 198, 98 N.E.2d 314 (1950).

This approach, however, has not gained any traction in Ohio. A year after the *Zurn* decision was rendered, another appeals court in Ohio took the opposite approach. In *Lighthorse v. Clinefelter*, the court of appeals found that Ohio law abides by the common-law rule that a reservation in favor of a third party or a stranger to the conveyance is inoperative. 36 Ohio App.3d 204, 206, 521 N.E.2d 1146, 1148 (Ohio App. 1987), *citing Little v. Linder*, 651 S.W.2d 895 (Tex.App.1983).

Likewise, courts are split on the issue throughout the United States. 26A C.J.S. *Deeds* § 288 (2008) (collecting cases); W. W. Allen, Annotation, *Reservation or exception in deed in favor of stranger*, 88 A.L.R.2d 1199 (1963) (same). This split may be said to arise from the tension that exists between the competing policy considerations underlying each approach. First, allowing a stranger to a deed to take an interest in property, as the Defendants point out, allows a grantor's intention to be fulfilled.

By comparison, the common-law rule, that a reservation in favor of a third party or a stranger to the conveyance is inoperative, is founded on the importance of stability. In *Matter of Estate of Thomson v. Wade*, the New York Court of Appeals explained:

Page 12

**Louis Yoppolo, Trustee v. Robert W. Allen, Trustee of the Robert L. Allen Living Trust, et al.**
**Case No. 08-3339**

> Although application of the stranger-to-the-deed rule may, at times, frustrate a grantor's intent, any such frustration can readily be avoided by the direct conveyance of an easement of record from the grantor to the third party. The overriding considerations of the public policy favoring certainty in title to real property, both to protect bona fide purchasers and to avoid conflicts of ownership, which may engender needless litigation persuade us to decline to depart from our settled rule.

69 N.Y.2d 570, 574, 516 N.Y.S.2d 614, 509 N.E.2d 309 (internal citation and quotation omitted).

In weighing these competing policy concerns, this Court is of the opinion that, under the particular circumstances as they exist here, the Ohio Supreme Court would be inclined to abide by the common-law rule – that a reservation in favor of a third party or a stranger to a deed is inoperative. Ohio's rules regarding deed construction play prominently in this conclusion.

When interpreting a deed, words exhibiting an intent to convey or grant must be expressed in the deed before a court will find that a transfer exists. *Clinefelter*, 36 Ohio App.3d at 206. Although no exact wording is necessary, the wording of the Debtors' deed in this case, using the clause "subject to," hardly qualifies as an intent to convey or grant. The question in this regard is not what "the parties meant to say, but the meaning of what they did say, as courts can not put words into an instrument which the parties themselves failed to do." *Am. Energy Corp. v. Datkuliak*, 174 Ohio App.3d 398, 882 N.E.2d 463 (Ohio App. 2007).

To be sure, Ohio law provides that the intent of the parties to a deed will control its interpretation. The best indication of intent, however, arises from the words set forth in the deed. *See Apel v. Katz*, 83 Ohio St.3d 11, 17, 697 N.E.2d 600, 605 (1998). Extrinsic evidence is only to be used if the language of a deed is unclear, ambiguous or indicates a special meaning. *Sedlack v. City of Solon*, 104 Ohio App.3d 170, 661 N.E.2d 265 (1995). Otherwise, when ascertaining intent, courts are not generally to go beyond the four corners of a deed. *Esteph v. Grumm*, 175 Ohio App.3d 516,

Page 13

Louis Yoppolo, Trustee v. Robert W. Allen, Trustee of the Robert L. Allen Living Trust, et al.
Case No. 08-3339

521, 887 N.E.2d 1248, 1251-52 (Ohio Ct. App.2008), *citing Ball v. Foreman*, 37 Ohio St. 132 (1881), *Baker v. Jordan*, 3 Ohio St. 438, 444-445 (1854), and *Hinman v. Barnes*, 146 Ohio St. 497, 508, 66 N.E.2d 911 (1946).

The fact that a life estate is reserved in a deed does not make the deed unclear, warranting going beyond the four corners of the instrument. Deeds may refer to other instruments of transfer. *Murray v. Trustees of Lane Seminary*, 80 Ohio Law Abs. 353, 1 O.O.2d 236, 140 N.E.2d 577, 583 (1956). Resultantly, an objective reader of the Debtors' deed, noting the "subject to" language, could have reasonably assumed that the Debtors had, by way of a prior instrument, conveyed a life estate interest in their property to their son. The reservation clause of the deed executed by the Debtors for their Delta, Ohio property can, thus, be understood as merely stating what had already been done, not what was meant to be done. Hence, reading into the clause that it was meant to effectuate an independent conveyance of a life estate interest to Edward Allen is unnecessary.

This reading also avoids ambiguity. If the Court were to find that the reservation clause of the Debtors' deed created a life estate, there would still remain an unresolved question: in what capacity did the 'Robert L. Allen Living Trust,' as the grantee expressly named in the trust, stand? Was it the remainderman; the life-in-being; or a mediate grantor? This Court is loath to read the Debtors' deed so as to create such questions regarding title, when a straightforward reading of the Debtors' deed would avoid such questions. *See Stiefel v. Bayly, Martin & Fay of Conn., Inc.*, 242 N.J.Super. 643, 651, 577 A.2d 1303 (App. Div.1990) ("The court should read [the document's] provisions so as to avoid ambiguities, if the plain language of the contract permits.").

The property interest involved in this case also lends itself to the conclusion that the Ohio Supreme Court would not be inclined to allow the reservation clause in the Debtors' deed to effectuate a conveyance of a life estate to their son, Edward Evans Allen.

Page 14

**Louis Yoppolo, Trustee v. Robert W. Allen, Trustee of the Robert L. Allen Living Trust, et al.**
**Case No. 08-3339**

For those courts permitting the conveyance of a grantor's interest in property to be made through a reservation in favor of a third party or a stranger to the deed, there exists a common theme: almost without exception, the interest conveyed was an easement. The case cited by Defendants, *Zurn Industries, Inc. v. Lawyers Title Ins. Corp.*, is no exception. An easement, however, differs significantly from a life estate.

Under Ohio law, it established that a life estate is a freehold estate whereby a tenant holds the property for his or her own life, or the lives of one or more other persons, with the fee then vesting in one or more remainderman at the death of the life-in-being. *Harper v. Ohio Society for Crippled Children, Inc.*, 158 N.E.2d 747, 750 (1959). As a freehold estate, the life tenant has exclusive title to and the right to possess the land to the exclusion of others. *Karako v. Lindberg*, Lake App. No. 97-L-022, 1998 WL 257043 *6 (Apr. 10, 1998); *In re Wernet's Estate*, 61 Ohio App. 304, 306, 22 N.E.2d 490, 491 (Ohio App. 1938).

An easement, on the other hand, is a lesser estate, being defined as a property interest in the land of another which entitles the owner of the easement to a limited use of the land in which the interest exists. *Alban v. R.K. Co.*, 15 Ohio St.2d 229, 231, 239 N.E.2d 22, 24 (1968). It carries with it no title to the whole property, nor any right to exclude possession of the property as against others. *Ochsenbine v. Cadiz*, 166 Ohio App.3d 719, 724 853 N.E.2d 314, 317-18 (Ohio App. 2005). In *Smith v. Gilbraith*, the distinction between the two interests was explained as follows:

> an easement is an interest in the land of another, carrying only a right to use the land. The easement may be perpetual and exclusive, yet it differs from a fee in that the holder of the easement: (1) has no estate in land; (2) can make use of the land only for a limited purpose; (3) cannot control the freehold itself; and (4) once the holder of the easement abandons his prescribed use, the property reverts to the feeholders.

75 Ohio App.3d 428, 434, 599 N.E.2d 798, 802 (Ohio App. 1991).

Page 15

Louis Yoppolo, Trustee v. Robert W. Allen, Trustee of the Robert L. Allen Living Trust, et al.
Case No. 08-3339

In giving effect to these distinctions, those policy considerations favoring adherence to the traditional rules governing the transfer of property – *e.g.*, to protect bona fide purchasers and avoid conflicts of ownership – are much more prominent when involving freehold estates as opposed to easements. As such, this Court is not of the opinion that, even if the Ohio Supreme Court were inclined to adopt the view espoused in *Zurn*, and allow a stranger to a deed to take property under a reservation clause contained in a deed, that it would extend the holding so as to include freehold estates such as life estates.

For these reasons, it is this Court's conclusion that, if confronted with the issue, the Ohio Supreme Court would not, under the particular circumstances as they exist here, abrogate the common-law rule that a reservation in favor of a third party or a stranger to a deed is inoperative. Accordingly, the quit-claim deed executed by the Debtors in November of 2006 for their Delta, Ohio property was ineffective to convey any interest by way of a life estate or otherwise to the Defendant, Edward Evans Allen. Title to said property, instead, remains in the name of the 'Robert L. Allen Living Trust' over which the Trustee, through the Debtor, Robert Allen, may exercise control.

Based upon these holdings, judgment will be entered in favor of the Trustee on the first two forms of relief sought in his complaint: (1) a declaration that the quit-claim deed executed by the Debtors on November 29, 2006, did not create a life estate in favor of the Defendant, Edward Evans Allen; and (2) an order will be entered that the Trustee is entitled to sell the property transferred by the Debtors' quit-claim deed free and clear of any interests of the grantee, the 'Robert Allen Living Trust.' In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Page 16

**Louis Yoppolo, Trustee v. Robert W. Allen, Trustee of the Robert L. Allen Living Trust, et al.**
**Case No. 08-3339**

Accordingly, it is

**ORDERED** that the Motion of the Plaintiff/Trustee for Partial Summary Judgment, be, and is hereby, GRANTED; and that the Motion for Partial Summary Judgment filed by the Defendants, be, and is hereby, DENIED.

***IT IS FURTHER ORDERED*** that, consistent with this decision, the Plaintiff/Trustee submit within 21 days of the entry of this Order a proposed order for entry by the Court.

Dated: May 22, 2009

                                              Richard L. Speer
                                              United States
                                              Bankruptcy Judge

Page 17

# CERTIFICATE OF SERVICE

Copies were mailed this 22nd day of May, 2009 to:

Edward Evans Allen
3467 County Road 6-1
Delta, OH 43515

Ralph W Allen, Trustee of the
Robert L Allen Living Trust
9705 CR 8-1
Delta, OH 43515

Thomas S Molitierno
PO Box 40
104 E Main St
Fayette, OH

Louis J Yoppolo
300 Madison Ave
Edison Plaza, #1200
Toledo, OH 43604

                                                      /s/Diana Hernandez
                                            Deputy Clerk, U.S. Bankruptcy Court